IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KELLY GOLDWIRE                    :        CIVIL ACTION
                                  :
        v.                        :
                                  :
CITY OF PHILADELPHIA, et al.      :        NO. 15-2856

ORDER AND OPINION

JACOB H. HART                              DATE:  4/12/2016
UNITED STATES MAGISTRATE JUDGE


On May 21, 2015, Kelly Goldwire filed this action under 42 USC §1983, alleging that his civil rights were violated by the City of Philadelphia and Philadelphia Police Sergeant Todd Landherr, Officer Ricardo Rosa, and Detective Daniel Murawski in connection with his March 24, 2014, arrest.  The violations are said to include false arrest, false imprisonment, malicious prosecution, and the deprivation of due process.  Amended Complaint at ¶¶ 38-39.  Goldwire filed an Amended Complaint on September 18, 2015.  The case was assigned to the Honorable Stewart Dalzell.  On October 13, 2015, the case was referred to the undersigned in accordance with 28 USC §636(c) and Fed. R. Civ. Pr. 73.

Defendants in this case have now moved for summary judgment, and Goldwire has responded to their motion.  For the reasons set forth below, the motion for summary judgment will be granted with respect to Goldwire's claims against the City of Philadelphia under Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), and his claims of malicious prosecution.  Additionally, Officer Rosa will be dismissed as a defendant in this case.  The motion will be otherwise denied.

I.    Legal Standard

Summary judgment is warranted where the pleadings and discovery, as well as any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pr. 56.  The moving party has the burden of demonstrating the absence of any genuine issue of material fact.  Celotex Corp.. v. Catrett, 477 U.S. 317, 323 (1986).  In response, the non-moving party must adduce more than a mere scintilla of evidence in its favor, and cannot simply reassert factually unsupported allegations contained in its pleadings.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Celotex Corp. v. Catrett, supra at 325; Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn from it in favor of the non-moving party.  Anderson v. Liberty Lobby, supra at 255;  Tiggs Corp. v. Dow Corning Corp., 822 F.2d 358 , 361 (3d Cir. 1987).  Nevertheless, Rule 56 "mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett at 323.

II.    Discussion

A lengthy discussion of the facts of this case is not necessary.  It is sufficient to say that Goldwire alleges that he was arrested by Sergeant Landherr without probable cause for violation of the Pennsylvania Uniform Firearms Act.  Goldwire argues that adequate investigation would have revealed that his "Act 235"[1] license permitted him to carry a firearm that night in the proximity of an illegally operating nightclub, because it was in furtherance of his employment as a fugitive recovery agent.  In other words, he was permissibly conducting a stake-out at that

---

[1] An "Act 235" certificate permits an individual to carry a firearm at work and while travelling to and from a *bona fide* place of employment.  22 Pa. C.S. §41 *et seq.*

time.  The case is complicated by the fact that, as Goldwire  has conceded, Sergeant Landherr observed him working as a security guard at the illegal night club less than a week earlier, and informed him that the nightclub was not a *bona fide* employer under Act 235.

A.      The §1983 Claim:  Probable Cause

        In their Motion for Summary Judgment, defendants do not address whether or how Sergeant Landherr had probable cause to arrest Goldwire in light of his allegation that he was working as a fugitive recovery agent on the night of his arrest, and not as a security guard for the illegal nightclub.  Thus, substantial issues of material fact remain as to whether Sergeant Landherr had probable cause to make an arrest.[2]  These include what Sergeant Landherr knew about Goldwire's employment as a fugitive recovery agent, what he should have known or discovered, and where that information would have led him.  Summary judgment is not, therefore, available in Sergeant Landherr's favor on the basis that he acted with probable cause.

B.      Qualified Immunity as to Sgt. Landherr

        In arguing that Sergeant Landherr is protected by qualified immunity, Defendants argue that no settled law exists as to whether the holder of a 235 certificate is entitled to carry a gun home from an illegal workplace.  Goldwire, however, argues that qualified immunity is not available here because well-established law requires a police officer to make an adequate investigation before executing an arrest, and that an adequate investigation would have revealed that he was working a legitimate job at the time of his arrest.  Defendants have not addressed that argument.  They have not, therefore, shown that Sergeant Landherr is entitled to qualified immunity, and their motion will be denied in that respect.

---

[2] Goldwire's argument regarding his work as a fugitive recovery agent was set forth in his Complaint, and was the subject of extensive questioning at both Goldwire's and Sergeant Landherr's depositions.  Deposition of Kelly Goldwire, attached as Exhibit A to Defendants' Motion, at 16-30; Deposition of Sergeant Todd Landherr, attached as Exhibit B to Defendants' Motion, at 49-50, 58-61.

C.   Officer Rosa

 Officer Ricardo Rosa will be dismissed as a defendant in this case.  As Defendants

argue, Officer Rosa testified at his deposition that he did not participate in the decision to arrest

Goldwire, and that he neither spoke to Goldwire before his arrest, nor did he witness any

conversation between him and Sergeant Landherr.  Deposition of Officer Ricardo Rosa, attached

to Defendants' Motion as Exhibit C, at pp. 29, 40-41.  Instead, all the information surrounding

Goldwire's arrest was conveyed to him by Sergeant Landherr.  Id. at 26-27.  In his response to

Defendants' motion, Goldwire has not contested the accuracy of this testimony, or attributed any

other actions to Officer Rosa.  Even construing the evidence in favor of Goldwire, this evidence

does not support a claim against Officer Rosa.

D.   Detective Murawski

     The only argument Defendants have made in favor of dismissing Detective Daniel

Murawski is that he could not be liable directly under §1983 or for bystander liability if

Goldwire's arrest was appropriate.  Of course, this is true.  However, as discussed above,

Defendants have not demonstrated that summary judgment is appropriate regarding the §1983

claim.  Further, as decided by Judge Dalzell in his Memorandum and Order of September 10,

2015, qualified immunity is not available to Detective Murawski for bystander liability.

Accordingly, no basis exists for granting summary judgment in favor of Detective Murawski.

E.   Malicious Prosecution

     A police officer may be held liable for malicious prosecution, even though it is actually

the prosecutor who "initiates" criminal proceedings, if he knowingly provided false information

to the prosecutor or otherwise interfered with the prosecutor's informed discretion.  Stango v.

Rodden, Civ. A. No. 00-5709, 2001 WL 1175131 (E.D. Pa. Aug. 21, 2001).  Defendants argue

that Goldwire has not put forth evidence which would support such an allegation against any of them.  Goldwire has not responded to this argument in his filing, and there are no supportive facts apparent in the evidence available to the undersigned.  For that reason, Goldwire's claims of malicious prosecution will be dismissed.

F.    The Monell Claim; Failure to Train

Under Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), a municipality such as the City is liable under § 1983 when the constitutional injury to the plaintiff can be attributed to its policy or custom.  Deliberate indifference by the municipality to the rights of its citizens will also support a Monell claim.  City of Canton v. Harris, 489 U.S. 378 (1986).  A claim of failure to train is recognized if it is the result of deliberate indifference.  Id. at 389.

Goldwire argues that the City failed to adequately train and supervise its police officers with respect to Act 235.  Response at 32.  However, he has elsewhere asserted in his response that "plaintiff does not argue that defendant Landherr misinterpreted Act 235 in arresting Mr. Goldwire."  Response at 25.  Therefore, any failure to train regarding 235 would be irrelevant.

Even if this issue could be resolved, the only real evidence to which Goldwire points is Sergeant Landherr's testimony that he had "minimal training" on 235 at the academy as a recruit, and had never had a training update since then.  Defendants' Exhibit B at 19.  This falls short of showing the nature of that training, and does not approach a showing of deliberate indifference on the part of the City.

Even less to the point are the bits of deposition testimony from a case which was settled before trial, and news articles showing that other individuals believe that Philadelphia police officers have wrongly deprived security guards of their weapons, to which Goldwire has also pointed.

5

Because Goldwire has not shown the existence of a City policy or custom to which his alleged injury can be attributed, his claim of municipal liability against the City of Philadelphia will be dismissed.

III.    Conclusion

In accordance with the above discussion, Defendants' motion will be granted with respect to (1) Goldwire's Monell claim; (2) his claims against Officer Rosa; and (3) his claims of malicious prosecution.  The motion will be otherwise denied.

BY THE COURT

/s/Jacob P. Hart
_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE